```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

COMBINED INSURANCE COMPANY OF AMERICA,
a foreign corporation,

      Plaintiff,

v.                                        Civil Action No. 5:13CV86
                                                                (STAMP)
JERRY L. SWIFT, VICKIE L. BAKER,
MICHAEL E. SWIFT and BRYANT R. SWIFT,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO DEPOSIT FUNDS
## AND FOR ORDER OF DISCHARGE

### I.  Background

    The plaintiff in the above-styled interpleader action, filed a complaint with this Court, wherein it alleged that Joan Swift purchased a flexible premium adjustable life insurance policy with the plaintiff's predecessor, American Agency Life Insurance Company, the policy number being N04055067.  The plaintiff asserts that this life insurance policy named Joan's husband, Edwin Swift as the primary beneficiary and her surviving children "divided equally" as contingent beneficiaries.  The surviving children are alleged to be Jerry L. Swift, Vickie L. Baker, Michael E. Swift, and Bryant R. Swift ("the defendants").  The plaintiff asserts that in October 2009, defendant Bryant Swift notified the plaintiff of Joan Swift's death.  Thereafter, defendant Bryant Swift forwarded an acknowledgment of Joan Swift's death.  The plaintiff asserts, however, that it and defendant Bryant Swift unsuccessfully sought

the cooperation of the additional defendants so as to allow the plaintiff to pay out the policy proceeds. To date, the plaintiff asserts that the plaintiff has only received the necessary paperwork from defendant Bryant Swift.

As relief, the plaintiff requests that: (1) this Court approve the deposit of admitted liability in the form of the policy proceeds ($100,000.00) and any legally accrued interest with the Clerk of Court; (2) the defendants be enjoined from commencing any proceeding or prosecuting any claim against the plaintiff and/or its agents in any state or federal court with respect to the policy, and that this injunction be issued without bond or surety; (3) the defendants interplead together and among themselves concerning their respective claims to the proceeds of the policy; (4) this Court enter an order declaring the rights of the parties to the subject policy proceeds; (5) this Court enter an order dismissing the plaintiff from this case, with prejudice and discharging it and/or its agents from any liability in relation to the policy at issue; (6) this Court award the plaintiff all of its costs and expense, including attorneys' fees incurred in connection with this action and any other relief this Court deems appropriate.

After returning a waiver of service, defendant Bryant Swift filed an answer to the plaintiff's complaint indicating that he did not object to the relief sought in the complaint. Defendant Bryant Swift did, however, indicate that he objected to any attorneys'

fees being awarded to the plaintiff.  The plaintiff served all other remaining defendants in mid-September 2013.  Although being served in mid-September 2013, none of the remaining defendants have filed an answer or in any other way appeared in this matter as of the date of this order.

The plaintiff has now filed a motion to deposit funds and for an order of discharge.  In this motion, the plaintiff seeks an order granting leave to deposit in the registry of the Court, the life insurance policy proceeds plus interest through the date the proceeds are delivered to the Court.  Further, the plaintiff seeks an order discharging the plaintiff from any and all liability with respect to, affecting, or in any way arising out of the policy.  The plaintiff also requests that this Court's order enjoin the interpleader defendants from instituting or prosecuting any action in any federal, state, or administrative forum against the plaintiff relating to the policy.

This Court entered an order establishing a briefing schedule for this motion.  This Court ordered that all defendants file a response to the plaintiff's motion on or before October 29, 2013, and that the plaintiff file any reply on or before November 5, 2013.  This Court directed that the order be sent to counsel of record and further, that the order be sent to all non-appearing defendants at the addresses provided in their summons. Defendant Bryant Swift was the only defendant to file a response.  In his

response, defendant Bryant Swift indicated that he did not object to the plaintiff's motion. He did request, however, that in granting the plaintiff's motion, this Court also find that defendant Bryant Swift is entitled to 25% of the total monies deposited into the Court and that the Court order the Clerk to issue a check in said amount payable to defendant Bryant Swift. The plaintiff filed a reply indicating that because it has no interest in the proceeds due under the policy, that it does not object to defendant Bryant Swift's additional request.

For the reasons stated below, this Court grants the plaintiff's motion to deposit funds and for an order of discharge. This Court, however, finds it premature to take any action regarding the rights of the defendants at this time. Therefore, at this time, this Court will not grant defendant Bryant Swift's request for a judgment indicating that he is entitled to 25% of the monies deposited.

## II. Applicable Law

Title 28, United States Code, Section 1335 grants original jurisdiction to the districts courts over interpleader actions and sets forth certain requirements to maintain interpleader actions. Section 1335 provides:

> (a) The district court shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy

> of insurance, or other instrument of value, or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if
>
> (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335.

"An action commenced under section 1335 typically involves two steps: during the first, the district court determines whether the requirements of the statute have been met and whether the stakeholder may be relieved from liability; during the second, it actually adjudicates the defendants' adverse claim to the interpleaded fund." NYLife Distribs., Inc. v. The Adherence Group, Inc., 72 F.3d 371, 375 (3d Cir. 1995).

### III.  Discussion

This motion concerns the first step of an interpleader action, where this Court must first determine whether the requirements of § 1335 are met, and whether the plaintiff may be relieved from

liability.  In order to satisfy § 1335's jurisdictional requirements, the plaintiff must show that: (1) the amount in controversy exceeds $500; (2) two or more adverse claimants are of diverse citizenship; and (3) the plaintiff has deposited the interpleader property into the registry of this Court.  28 U.S.C. § 1335.  All but the last requirement is met in this action. First, the policy proceeds exceed $100,000.00.  Thus, the amount in controversy is clearly met.  Based on the plaintiff's allegations in its complaint, the diversity requirement is satisfied. Defendant Bryant Swift is a citizen of West Virginia, while all other defendants are citizens of Ohio.  Thus, at least two of the defendants are of diverse citizenship, satisfying the requirement for minimal diversity.

The plaintiff, through this motion, is requesting leave to satisfy the third requirement. Rule 67(a) of the Federal Rules of Civil Procedure states that "[i]f any part of the relief sought is . . . the disposition of a sum of money[,] . . . a party -- on notice to every other party and by leave of court -- may deposit with the court all or part of the money or thing, whether or not that party claims any of it."  This Court finds that the relief sought by the plaintiff is a disposition of the proceeds of the policy, and as such satisfies the requirements of Rule 67(a). Further, no defendant has contested this Court granting the plaintiff leave to deposit the funds.  Accordingly, this Court

grants the plaintiff leave to deposit the proceeds of the fund, including any accrued interest. Therefore, upon deposit of the policy and the accrued interest, the plaintiff will have satisfied § 1335's jurisdictional requirements.

This Court must now determine whether after deposit of the policy and the accrued interest, whether the plaintiff may be discharged from this litigation and whether the defendants should be enjoined from bringing any future litigation against the plaintiff concerning the policy. Under 28 U.S.C. § 2361, courts have discretion to enter injunctions enjoining all other litigation affecting the same money or property.[1] See 28 U.S.C. § 2361. Section § 2361 also allows provides courts with the discretion to discharge the plaintiff from further liability concerning such

---

[1]Section 2361 reads as follows:

In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

money or property.  Id.  Other district courts in the United States Court of Appeals for the Fourth Circuit have stated, that the "primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder is whether the stakeholder legitimately fears multiple litigation over a single fund."  Reliastar Life Ins. Co. of New York v. LeMone, No. Civ.A. 7:05CV00545, 2006 WL 733968, at *2 (W.D. Va. Mar. 16, 2006) (citing 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1704).

Based on the allegations within the plaintiff's complaint, it is clear that the plaintiff fears multiple litigations over the single policy at issue.  According to the plaintiff, four separate interested individuals exist and only one individual has cooperated to date in ensuring the proper disbursement of the policy.  As there are four individuals alleged to be interested in the proceeds of the policy, the plaintiff cannot disburse the policy to this single individual without fear of litigation from the other three individuals.  Accordingly, this Court finds that interpleader is proper.  Further, the defendants have not filed any opposition concerning the plaintiff's request for discharge from liability and plaintiff's request for an injunction against the defendants. Because the defendants have not opposed such requests and because this Court has the authority to do so under § 2361, this Court grants the plaintiff's requests for such relief.

As to defendant Bryant Swift's request that this Court find that he is entitled to 25% of the total monies deposited into the Court and that this Court order the Clerk to issue a check in said amount payable to him, this Court finds that such request is premature. See 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1704 (finding that "[b]ecause of the emphasis on the possibility of multiplicity, a determination of the respective merits of the adverse claims is inappropriate at the initial stage; at that point the primary question is whether interpleader should be allowed"). Accordingly, the defendants' entitlement to the proceeds of the policy shall be determined during the second step of this interpleader litigation, where this Court will adjudicate the defendants' adverse claim to the interpleaded fund.

## IV.  Conclusion

For the reasons stated above, the plaintiff's motion to deposit funds and for an order of discharge (ECF No. 10) is GRANTED. The plaintiff shall deposit the funds due under the policy with the registry of this Court, plus interest through the date the proceeds are delivered to the Court. Upon deposit of such proceeds, the plaintiff is DISCHARGED from liability in connection with the life insurance policy at issue, and DISMISSED from this action. The defendants are further ENJOINED from pursuing any

claims in state or federal court relating to the policy which is the subject of this action.

    IT IS SO ORDERED.

    The Clerk is directed to transmit a copy of this order to counsel of record herein and to the Financial Administrator of the United States District Court for the Northern District of West Virginia. Further, the Clerk is directed to transmit a copy via certified mail to all other non-appearing defendants using the addresses provided in their summons.

    DATED:    November 5, 2013

    /s/ Frederick P. Stamp, Jr.
    FREDERICK P. STAMP, JR.
    UNITED STATES DISTRICT JUDGE