IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COMBINED INSURANCE COMPANY OF AMERICA,
a foreign corporation,

    Plaintiff,

v.                                                            Civil Action No. 5:13CV86
                                                                                        (STAMP)
JERRY L. SWIFT, VICKIE L. BAKER,
MICHAEL E. SWIFT and BRYANT R. SWIFT,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT BRYANT R. SWIFT'S
MOTION TO DISMISS CROSS-CLAIMS,
DIRECTING LETTERS TO BE FILED AND
SCHEDULING STATUS AND SCHEDULING CONFERENCE**

I.   Background

The plaintiff in the above-styled interpleader action, filed a complaint with this Court, wherein it alleged that Joan Swift purchased a flexible premium adjustable life insurance policy with the plaintiff's predecessor, American Agency Life Insurance Company, the policy number being N04055067. The plaintiff asserted that this life insurance policy named Joan's husband, Edwin Swift as the primary beneficiary and her surviving children "divided equally" as contingent beneficiaries. The surviving children are Jerry L. Swift, Vickie L. Baker, Michael E. Swift, and Bryant R. Swift, which are named as defendants in this action. The plaintiff asserts that in October 2009, defendant Bryant Swift notified the plaintiff of Joan Swift's death. Thereafter, defendant Bryant

Swift forwarded an acknowledgment of Joan Swift's death. The plaintiff asserts, however, that it and defendant Bryant Swift unsuccessfully sought the cooperation of the additional defendants so as to allow the plaintiff to pay out the policy proceeds. The plaintiff filed this action allegedly due to the remaining surviving children not cooperating as to the pay out of the policy.

After returning a waiver of service, defendant Bryant Swift filed an answer to the plaintiff's complaint indicating that he did not object to the relief sought in the complaint. The plaintiff served all other remaining defendants in mid-September 2013. The remaining defendants did not file answers to the plaintiff's complaint at that time, nor did they make any other appearance in this matter at that time.

After filing the complaint in this matter, the plaintiff filed a motion to deposit funds and requesting an order of discharge. Only defendant Bryant Swift responded to this motion. He stated that he had no objection to the plaintiff depositing the proceeds but indicated that this Court should also distribute 25% of the fund to him at that time. This Court granted the plaintiff's motion to deposit funds and granted its request to be discharged from this action. As to the distribution of funds, this Court found that it was premature to make any findings concerning which defendants were entitled to the deposited funds.

After granting the motion to deposit funds and discharging the plaintiff from this action, this Court received a letter from defendant Michael Swift, on behalf of himself, Jerry Swift and Vickie Baker. This letter indicated that these defendants objected to the distribution of any of the proceeds of the fund to Bryant Swift, and they asked that the proceeds be placed under the administration of the Probate Court of Belmont County, Ohio.

After receiving this letter, this Court held a status and scheduling conference which all defendants, either in person or through counsel, attended. At the conference, this Court found that it would be beneficial to provide the defendants who had not yet filed an answer or other responsive pleading in this matter an opportunity to do so.

Thereafter, Michael Swift, Jerry Swift, and Vickie Baker, by counsel, filed an answer and two cross-claims against Bryant Swift. The first cross-claim asserts that based on an agreement between all defendants, Bryant Swift is not entitled to the insurance proceeds, as the agreement provided that such proceeds were to be paid to Michael Swift and Vickie Baker. This agreement contained additional dispositions of property, including real property, and was signed by all defendants except Bryant Swift. The second cross-claim asserts that, in the alternative, Bryant Swift is liable to the other defendants for $30,000.00 as a result of his breach of fiduciary duties regarding the defendants' parents

estates and, therefore, he is not entitled to a 25% share of the life insurance proceeds.

Bryant Swift responded to the cross-claims by filing a motion to dismiss. In his motion to dismiss, he first asserts that this Court should dismiss both claims because it lacks jurisdiction to hear claims arising out of the administration of the defendants' parents' estate and dismissing the cross-claims would not prohibit the claims from being adjudicated in state court. Further, Bryant Swift argues that as to the cross-claim concerning the agreement between the parties, such claim must be dismissed because he did not sign the agreement. The other defendants filed a brief response to the motion to dismiss, which only addressed Bryant Swift's argument concerning jurisdiction, which they assert is incorrect.

This Court has also received letters from counsel in this matter concerning the motion to dismiss. In response to the initial letter from Bryant Swift's counsel requesting a ruling on the motion to dismiss, Michael Swift's, Jerry Swift's, and Vickie Baker's counsel requested that a hearing be held on the motion to dismiss. This Court finds that such hearing is unnecessary. For the benefit of a complete record, however, this Court will direct the clerk to file the letters from counsel.

For the reasons stated below, this Court grants Bryant Swift's motion to dismiss the cross-claims.

4

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and

essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

A. Jurisdictional Argument

Bryant Swift first alleges that this Court should dismiss both of the other defendants' cross-claims because this Court lacks jurisdiction to hear claims arising out of the administration of the estates of the defendants' parents, which are currently pending in the Probate Court of Belmont County, Ohio. Bryant Swift asserts that if such claims were dismissed, the other defendants would not be prohibited from having their claims properly adjudicated in that court. This Court agrees with Bryant Swift's jurisdictional

argument insomuch as it concerns the other defendants' cross-claim regarding Bryant Swift's alleged breach of fiduciary duties relating to the administration of the defendants' parents' estates.

Title 28, United States Code, Section 1335 grants original jurisdiction to the districts courts over interpleader actions and sets forth certain requirements to maintain such actions. In order to satisfy § 1335's jurisdictional requirements, the plaintiff must show that: (1) the amount in controversy exceeds $500; (2) two or more adverse claimants are of diverse citizenship; and (3) the plaintiff has deposited the interpleader property into the registry of this Court. 28 U.S.C. § 1335. This Court has previously found that all three requirements were met, so long as the plaintiff deposited the life insurance proceeds into the registry of this Court. See ECF No. 16 *6-7. The plaintiff did deposit such funds on November 19, 2013. Thus, all jurisdictional requirements are satisfied for this Court to hear the interpleader action.

While this Court may have jurisdiction over the interpleader action generally, the scope of a district court's jurisdiction to adjudicate personal cross-claims filed by one interpleaded party against another is limited in scope. Carolina Cas. Ins. Co. v. Mares, 826 F. Supp. 149, 153-54 (E.D. Va. 1993) (finding that cross-claims seeking to establish a right to recover from other defendants any part of the damages not satisfied by the interpleader fund, to be outside of the scope of permissible cross-

claims permitted in interpleader actions). Generally, a party may assert a cross-claim pursuant to Rule 13(g) of the Federal Rules of Civil Procedure "if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." As to interpleader actions specifically, however, the United States Court of Appeals for the Fourth Circuit has stated that cross-claims are permissible "to attack [the other defendants'] claims against the common fund, <u>but for no other purpose</u>." <u>Allstate Ins. Co. v. McNeill</u>, 382 F.2d 84, 87 (4th Cir. 1967) (emphasis added).

As stated above, Michael Swift, Jerry Swift, and Vickie Baker, assert two cross-claims against Bryant Swift. In their first claim, they assert that based on an agreement between all defendants, the life insurance proceeds were to be distributed to Michael Swift and Vickie Baker. Accordingly, based on this agreement, they assert that Bryant Swift has no right to the distribution of the funds, and instead such funds should be distributed to Michael Swift and Vickie Baker. This claim clearly attacks the validity of Bryant Swift's claim to the distribution of the fund, as the other defendants are arguing that such claim is invalid based on a separate agreement. Thus, this is a permissible cross-claim in an interpleader action.

8

The second cross-claim asserts that Bryant Swift is liable to the other defendants for $30,000.00 because he breached his fiduciary duty regarding the parties' parents' estate. This cross-claim is completely unrelated to Bryant Swift's right to the life insurance proceeds. The other defendants are attempting to hold Bryant Swift liable for his actions regarding the administration of the estate through this cross-claim. Whether or not Bryant Swift violated his fiduciary duties to the other defendants concerning their parents' estate, however, does not make his claim concerning his right to the distribution of the fund any less valid. If he is found liable for violating his fiduciary duties, a judgment may be entered against him for the amount he is found liable for, but that amount cannot be distributed by this Court from the deposited funds because the funds are not related the Bryant Swift's administration of their parents' estate. Accordingly, this Court finds that such cross-claim is not permissible under Rule 13(g) in this interpleader action and must be dismissed.

B.  Statute of Frauds Argument

Bryant Swift next asserts that he did not sign the agreement that the other defendants assert precludes the distribution of funds to him and such agreement involves the transfer of real property. Accordingly, he argues that based on West Virginia law such agreement is not enforceable and cannot be used to attack his

9

claim to the life insurance proceeds. The other defendants did not address this argument in their response to his motion.

This Court assumes that Bryant Swift is referring to West Virginia law regarding the statute of frauds, since he states that West Virginia law renders the agreement enforceable. Under West Virginia law, contracts for the sale of land must be in writing and signed. Specifically, the statute provides as follows:

> No contract for the sale of land, or the lease thereof for more than one year, shall be enforceable unless the contract or some note or memorandum thereof be in writing and signed by the party to be charged thereby, or by his agent. But the consideration need not be set forth or expressed in the writing, and it may be proved by other evidence.

W. Va. Code § 36-1-3. The agreement, which the multiple parties seek to enforce in part, involves the transfer of land. Specifically, it involves the conveyance of oil and gas property in West Virginia. While this part of the agreement is not that which is subject to dispute, West Virginia courts have held that contracts involving both real and personal property are subject to the statute of frauds despite personal property being included in the contract. Brown v. Gray, 70 S.E. 276, 277 (W. Va. 1911) ("Where a verbal contract is entire, and relates to a matter which renders it necessary under the statute of frauds, that the promise should be in writing, the whole promise is void."); Ballengee v. Whitlock, 74 S.E.2d 780, 784 (W. Va. 1953) (finding a contract for the sale of a real estate that also included the sale of household

10

goods was entirely covered by the statute of frauds). Accordingly, this Court finds that such agreement is in fact subject to the statute of frauds.

Not every party must sign the contract for it to be enforceable based on the statute of frauds. Instead, only those parties being sued for enforcement of the contract must sign it. Conley v. Johnson, 213 W. Va. 251, 254 (W. Va. 2003). In this instance, however, the party that other defendants are attempting to have the agreement enforced against is Bryant Swift, who is the only non-signatory to the agreement. Whether or not he signed the agreement is not in question, as the other defendants admit that he did not sign the agreement in their cross-claim. While equitable exceptions to the statute of frauds exist, the other defendants did not argue that any such exceptions apply. Accordingly, because the agreement is subject to the statute of frauds and because Bryant Swift did not sign the agreement, such agreement cannot be enforced. This Court cannot find at this time that Bryant Swift lacks a right to proceeds of the life insurance policy based on an unenforceable agreement between the parties. Therefore, the cross-claim concerning the agreement must be dismissed.

C. Status and Scheduling Conference

While this Court finds that both cross-claims must be dismissed, it is still necessary to adjudicate the parties' rights to the funds deposited with this Court. Thus, this Court finds it

necessary to enter a scheduling order in this matter. Prior to entering a scheduling order, however, this Court will hold a status and scheduling conference on **July 21, 2014 at 12:00 p.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, 1125 Chapline Street, Wheeling, West Virginia 26003. Prior to this conference, the parties are DIRECTED to meet and confer as to the time required for any discovery in this matter.

The undersigned judge is currently scheduled to be in trial on the date of the status and scheduling conference. In the event that the trial is not held on this date, the status and scheduling conference will be rescheduled to another time on this date by separate order.

## IV. Conclusion

For the reasons stated above, Bryant Swift's motion to dismiss the cross-claims is GRANTED. Further, the Clerk is DIRECTED to file the letters from counsel concerning the motion to dismiss, which are attached to this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   June 23, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

LAW OFFICES
# BACHMANN, HESS, BACHMANN & GARDEN, P.L.L.C.

1226 CHAPLINE STREET
P.O. BOX 351
WHEELING, WEST VIRGINIA 26003-0046

(304) 233-3511

TELEFAX (304) 233-3199

GILBERT S. BACHMANN
LESTER C. HESS, JR.
JEFFREY R. MILLER

CARL G. BACHMANN (1890-1980)
LESTER C. HESS (1903-1971)
JOHN B. GARDEN (1925-1994)

May 13, 2014

The Honorable Frederick P. Stamp, Jr., Judge
United States District Court
for the Northern District of West Virginia
P. O. Box 791
Wheeling, WV 26003

      RE:    Combined Insurance. Co. v. Swift, et al.
               Case Number: 5:13-cv-86 (Stamp)
               U.S. Dist. Court for Northern District of WV

Dear Judge Stamp:

      As your file in the above-captioned matter will reflect, I represent the defendant, Bryant R. Swift, with regard to this matter. This is an interpleader action filed by plaintiff, Combined Insurance Company of America, back in July of last year.

      As Your Honor may recall, a Status Conference was held in this matter on February 12, 2014. At that time, you granted the other three defendants an additional thirty days in which to file a response to the original Interpleader Complaint that was filed last July.

      During that same hearing, you indicated the Court would be inclined to distribute the life insurance proceeds of Joan Swift in four equal shares to her four natural children, the same four individuals who are the defendants in this action. You advised the other three defendants that absent a showing on their part as to why the insurance proceeds should not be distributed in four equal shares, you would be inclined to do so. Finally, you indicated to the parties that once the other three defendants filed a response to the original Interpleader Complaint, you would then try to rule as quickly as possible on all of the remaining issues in this action.

      Subsequent to that Status Conference, the other three defendants, by their new West Virginia counsel, Jeffrey W. McCamic, Esq., filed an Answer and Cross-claim on March 14, 2014. I then filed a Motion to Dismiss, Answer and Defenses to said Cross-claim on behalf of my client on March 24, 2014.

Based on the foregoing, and based on the statements you made to the parties during the February 12, 2014 Status Conference, I am writing to inquire as to whether there is anything further the Court needs or wants before it is in a position to rule on the remaining issues in this case. In particular, my client seeks a ruling as soon as possible as to how the Court believes the life insurance proceeds of Joan Swift should be distributed. If there is not anything further the Court requires of the parties, then I would respectfully request that a ruling on the remaining issues be issued at the Court's earliest opportunity.

As always, thank you for your courteous attention and consideration.

Very truly yours,

Jeffrey R. Miller, Esq.

JRM/ajf

cc: Jeffrey W. McCamic, Esq.



# McCAMIC, SACCO & McCOID, PLLC
ATTORNEYS AT LAW

JAY T. McCAMIC  
JEFFREY W. McCAMIC  
GARY A. SACCO  
ROBERT G. McCOID

56-58 FOURTEENTH STREET  
P.O. BOX 151  
WHEELING, WV 26003

TELEPHONE: (304) 232-6750  
FAX: (304) 232-3548  
www.mspmlaw.com

OF COUNSEL:  
JEREMY C. McCAMIC

ASSOCIATE:  
JOSEPH R. BLALOCK

May 14, 2014

The Honorable Frederick P. Stamp, Jr., Judge  
United States District Court  
For the Northern District of West Virginia  
P.O. Box 791  
Wheeling, WV 26003

Re: Combined Insurance Co. v. Swift, et al.  
Case no. 5:13-cv-86 (Stamp)

Dear Judge Stamp:

I am writing in response to Mr. Miller's letter of May 13, 2014 requesting a ruling on the disbursement of insurance funds in this matter. My clients have filed a Cross-Claim against Mr. Miller's client, to which he has filed a Motion to Dismiss as recited. We would suggest that prior to your entering a final ruling on the distribution of funds in this matter, which would in all likelihood result in my clients' inability to recover any amount from Mr. Miller's client should my clients prevail with their Cross-Claim, that we have a hearing on Mr. Miller's Motion to Dismiss.

Very truly yours,

Jeffrey W. McCamic

JWMc:jfm  
cc: Jeffrey R. Miller, Esq.  
John Vavra, Esq.